BEAN *v.* PICKLE.

[72 South. 4.]

JUSTICE OF THE PEACE. *Appeal. Correction of record.*

Where on appeal from a justice of the peace, appellant filed a good and solvent bond for appeal with the justice within the time allowed by law for appeals, but the justice failed from oversight to approve the bond and mark it filed within the statutory time,

and upon motion to dismiss on the day of trial, appellant asked for time in which to correct the record, it was error for the court to deny such request.

APPEAL from the circuit court of Monroe county.
HON. CLAUDE CLAYTON, Judge.
Suit by Willie Pickle against W. Alfred Bean. From a judgment for plaintiff, defendant appeals.
The facts are fully stated in the opinion of the court.

*Wiley H. Clifton,* for appellant.

*McFarland, McFarland & Prude,* for appellee.

POTTER, J., delivered the opinion of the court.

Willie Pickle, the appellee, filed suit against W. Alfred Bean, the appellant, in a justice of the peace court. Judgment was rendered against Bean, and he appealed to the circuit court. On the morning set for trial, Bean announced himself ready for trial, when attention was first called to a motion to dismiss the appeal for failure of the justice of the peace to approve and mark "Filed" the appeal bond. This motion had been filed on the same morning, and Mr. Bean, by his attorney, stated to the court that the appeal bond was a good bond, and was filed within the time prescribed by law, and was not marked "Filed" and approved by oversight on the part of the justice, and requested that the case be passed. An application was made by counsel for time to secure the presence of Mr. Mayfield, the justice of the peace, to make proof that the bond was filed within the time allowed by law to perfect appeals, and accepted by him, and this application was overruled by the court, and the motion to dismiss the suit was sustained. On motion for new trial, the testimony of witnesses was dispensed with, and the following agreement made:

"It is agreed in this case that the bond filed in this case was filed within the time prescribed by statute and was solvent, and that it was filed with the justice of the peace within the time prescribed by statute; that the failure to mark the bond 'Filed and approved' by the justice of the peace was an oversight, and he is ready to approve it now."

The application of appellant for time to secure the attendance of the justice of the peace to correct the omission by oversight of the proper certificate that the bond had been filed and approved should have been granted. The motion to dismiss was not made until the morning of the trial. The apellant stated that a solvent bond had been filed within the time prescribed by law, and it was only a reasonable request that he be granted time to secure the attendance of the justice of the peace, in order that the omission of the certificate might be rectified.

*Reversed and remanded.*